UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEONTAE GORDON,

     Plaintiff,     Case No. 2:16-cv-89

v.            HON. GORDON J. QUIST

UNKNOWN RONDEAU, et al.,

     Defendants.
_____/

**REPORT AND RECOMMENDATION**

     This is a civil rights action brought by state prisoner Deontae Gordon pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants Mathew Rondeau, Jason Hubble, Daniel O'Dell, Robert Curtis, and Mathew Anderson retaliated against him after he filed grievances. Defendants filed a motion for summary judgment (ECF No. 20) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (ECF No. 26).

     Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also*

*Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-216 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party

with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-1860 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If

oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits. *See id*. at 325. We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id*. at 324.

*Mattox v. Edelman*, 2017 WL 992510, slip op. at 8-9 (6th Cir. 2017).[1]

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints." slip op. at 16. For example, grieving a doctor about his failure to give cardiac catheterization failed to grieve the claim that the doctor erred by not prescribing Ranexa.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ DD. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ." *Id.* at ¶ S.

In addition, the grievance policy provides that, where the grievance alleges conduct that falls under the jurisdiction of the Internal Affairs Division pursuant to PD 01.01.140, the prisoner may file his Step I grievance directly with the inspector of the institution in which the prisoner is housed, instead of with the grievance coordinator, as set forth in ¶ V of PD 03.02.130. *Id.* at ¶Q. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.* Regardless of whether the grievance is filed with grievance coordinator or the inspector, the grievance will be referred to the Internal Affairs Division for review and will be investigated in accordance with PD 01.01.140. The prisoner will be promptly notified that an extension of time is needed to investigate the grievance. *Id.*

Defendants argue that out of the four relevant grievances that Plaintiff filed, only one grievance was properly pursued through Step III. In grievance LMF 14-12-2242-17b Plaintiff alleged that Defendant Rondeau threatened him and spit in his face. Plaintiff submitted the grievance against Defendant Rondeau alleging an assault and battery due to a prior grievance that he had submitted. (ECF No. 20-3. PageID.189). The grievance was denied through Step III on the merits. (PageID.186-188). Defendant Rondeau concedes that Plaintiff exhausted this claim. Defendants argue that Plaintiff failed to properly exhaust LMF 15-01-0042-27a, LMF 15-01-0043-28i, and LMF 15-02-0467-28a. Plaintiff argues that he properly exhausted his grievances or that the grievance procedures were unavailable to him.

In LMF 15-01-0042-27a Plaintiff asserted that Defendant Sergeant Hubble ordered him to the Base and locked him in the Barber's room. Sergeant Hubble then allegedly planted a razor in Plaintiff's cell in retaliation for Plaintiff's grievance filings. (PageID.195-198). Plaintiff's grievance was rejected at each step as directly relating to the misconduct hearing process and not "grievable according to PD 03.02.130." (PageID.199). Plaintiff believes that he has exhausted this claim by asserting this issue through Step III of the grievance process. Moreover, Plaintiff argues that if Defendants are correct and this issue is non-grievable, then he did not have an available remedy to exhaust. In the opinion of the undersigned, if there exists no manner for Plaintiff to exhaust a claim in the MDOC administrative grievance process, then Plaintiff has nothing to exhaust prior to bringing a lawsuit against the Defendants. Defendants have set forth no other argument such as an assertion that Plaintiff needed to raise a retaliation claim during a misconduct hearing. It appears that Defendants have not provided the court with a relevant misconduct hearing report. Further, Defendants have not argued that Plaintiff failed to exhaust his claim by any other available procedure.

In LMF 15-01-0043-28i[2] Plaintiff stated that Defendant Lieutenant O'Dell falsified a document by writing that Plaintiff admitted that Sergeant Rondeau never spit in Plaintiff's face. Plaintiff asserts that he never made such a statement and that Lieutenant O'Dell violated Rule 47 by falsifying a document.[3] (PageID.200-204). Plaintiff's grievance was rejected at each Step as a violation of PD 03.02.130. The Step II response stated that "if you did not agree with the answer to Grievance # LMF 1412 2242 17B you need to continue to step II on that grievance not file another one." (PageID.202). Plaintiff was instructed to appeal his original grievance to the next step of the grievance process.

In LMF 15-02-0467-28a[4] Plaintiff asserted that Lieutenant O'Dell, Corrections Officer Curtis, and Corrections Officer Anderson conspired to write a fabricated statement that Sergeant Rondeau did not spit on Plaintiff's face. Plaintiff states that this statement is not true and was designed to deprive him of his protected rights. The grievance was "rejected because the issue has already been grieved in, LMF 14-12-2242-17b." (PageID.170). Plaintiff was instructed to continue through the grievance process to Step II in grievance LMF 14-12-2242-17b and that it was improper to file a second grievance on the same issue. Id. The Step II response stated "Grievance #LMF 1412 2242 17B has the same issues, you need to continue to Step II on that grievance not file another one." (PageID.168). The Step III response upheld the rejection. (PageID.166)

Plaintiff argues that because LMF 15-01-0043-28i and LMF 15-02-0467-28a were rejected as "duplicative" to LMF 14-12-2242-17b, the issues presented in the rejected grievances

---

[2] The Step I and Step II identifier is LMF 1501-0043-28j. The Step III identifier is LMF 1501-0043-28i.
[3] Plaintiff asserts that Rule 47 states that "an employee shall not falsify or alter documents including but not limited to . . . Investigative Reports."
[4] Defendants argue that the grievance LMF 15-02-0467-28a was untimely, however the grievance was not rejected for being untimely.

7

were necessarily exhausted in LMF 14-12-2242-17b. In LMF 15-01-0043-28i and LMF 15-02-0467-28a, Plaintiff was instructed to exhaust his grievance in LMF 14-12-2242-17b and not to file new grievances. Plaintiff did as instructed and exhausted LMF 14-12-2242-17b. LMF 14-12-2242-17b was not rejected for a procedural violation such as failing to name individuals involved. In the opinion of the undersigned, Plaintiff did exactly what the MDOC instructed in order to exhaust his grievances.[5] Plaintiff provided the Defendants with a fair opportunity to address his claims in the administrative grievance process.

For the foregoing reasons, the undersigned recommends that Defendants' motion for summary judgment (ECF No. 19) be denied.

Dated: April 11, 2017  /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[5] Alternatively, the Court could conclude that these grievances were improperly rejected because Plaintiff asserted different claims against different individuals. See *Johnson v. Correctional Medical Services, Inc.*, 2008 WL 88767 (W.D. Mich. 2008) (noting that it is necessary to compare the issues stated in the two grievances to determine whether the second grievance was properly rejected as duplicative).