UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEONTAE GORDON,

    Plaintiff,

v.                                                 Case No. 2:16-CV-89

UNKNOWN RONDEAU, et al.,              HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

This is a civil rights action filed by a state prisoner, Deontae Gordon, under 42 U.S.C. § 1983. Gordon asserts claims of retaliation in violation of the First Amendment, cruel and unusual punishment in violation of the Eighth Amendment, and conspiracy to make false statements in violation of the Fourteenth Amendment. Defendants filed a motion for summary judgment. (ECF No. 49.) Gordon responded (ECF No. 53) and filed a supplemental brief. (ECF No. 56.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R), recommending that the Court grant Defendants' motion and dismiss the case. (ECF No. 62.) Gordon filed objections to the R & R. (ECF No. 63.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and

recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Gordon's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

Gordon first objects that the R & R erred in finding that Rondeau's adverse action was not motivated by Gordon's protected conduct. According to Gordon, Rondeau threatened him and told him if he kept filing grievances, Rondeau would "pull the fucking pin himself." In response, Gordon allegedly told Rondeau he did not deserve to wear sergeant stripes. Rondeau in turn "pull[ed] up a deep drag of mucus and sp[i]t into Plaintiff's face," according to Gordon. (ECF No. 63 at PageID.450.) The R & R concluded that Rondeau's alleged spit was in response to Gordon personally insulting him regarding his sergeant stripes—not Gordon's grievances.

Gordon has asserted a credible causal chain that the alleged spitting may have been motivated "at least in part" in response to him filing grievances. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 386–87 (6th Cir. 1999). "A defendant's motivation for taking action against the plaintiff is usually a matter best suited for the jury." *Paige v. Coyner*, 614 F.3d 273, 282 (6th Cir. 2010). Gordon asserts that Rondeau was angry for the entirety of the conversation, and "[t]he whole basis of the conversation was the grievance." Therefore, he argues, the grievances and the spitting "cannot be separated." (*Id.*) Gordon also provided an affidavit from his cellmate, Devante Smith. Smith states that Corrections Officer Mattson stated, "Hey Gordon, how did you like the spit shower? That's what happens when you file grievances against me." (ECF No. 53-4 at PageID.397.) Whether Gordon's stripes comment was the independent cause of Rondeau's alleged spit, or simply the straw that broke the camel's back in a conversation about grievances, is

2

a genuine issue of material fact ill-suited for summary judgment. Therefore, the Court will sustain Gordon's objection and reject the R & R as to the retaliation claim against Rondeau.

Gordon objects that the prison disciplinary hearing should not be given preclusive effect in connection with his retaliation claim against Hubble. The R & R noted that Gordon did not appeal his misconduct hearing to the Michigan state courts within the sixty-day time frame set by M.C.L. § 791.255(2). The statute requires that "[w]ithin 60 days after the date of delivery or mailing of notice of the decision . . . a prisoner aggrieved by a final decision or order may file an application for direct review in the circuit court." Gordon admits the listed mailing date of the decision was April 17, 2015. He claims that he did not receive it until he sent a letter to the Hearings Administrator in November 2015, asking for the decision because he had never received a copy. (ECF No. 53-3.) Gordon received the decision in November or December 2015. Gordon never filed an appeal to the state court. He argues there is no exception to the 60-day rule and, therefore, was time barred from appealing to the state court. The plain language of the statute indicates that Gordon's appeal would not have been time barred. The 60-day period begins "after the date of delivery *or* mailing of notice of the decision." M.C.L. § 791.255(2) (emphasis added). The statute would have permitted Gordon to file an appeal within 60 days of the delivery in November or December 2015.[1]

Gordon objects that he was prevented from presenting a defense at the same misconduct hearing. The R & R found that Gordon failed to sign a form to request a question for a witness, his cellmate Devante Smith. Gordon correctly points out in his objection that the form appears to require the *witness*, not Gordon, to sign the form. (ECF No. 50-3 at PageID.355.) Gordon's

---

[1] A disagreement regarding this reading of the statute would properly be raised in the state court and would not be ripe before this Court.

proposed question was, "Did you hear Sgt. Hubble or any other staff talking about setting Gordon up? If so, what did you hear?" (*Id.*) Although this question was not asked, Smith was asked other pertinent questions. Smith was asked whether he had any knowledge that the razor blade was there; he answered, "No, they set [Gordon] up." Smith was asked if he had other information regarding the "razor on how it got placed under the lip of the bottom bunk;" he answered, "It did not come from Gordon they set [him] up because they keep sayin[g] he writ[]ing all these grievance's but it[] was not there at first." (*Id.* at PageID.354.) The MDOC notes that Smith was asked who "they" were, and Smith clarified that he meant Corrections Officer Mattson. Smith made no mention of Hubble. Accordingly, the Court agrees with the R & R that Gordon had a full and fair opportunity to litigate the issue.

Gordon objects that Rondeau's alleged spitting does amount to an Eighth Amendment violation. He fails to distinguish the case law cited by the R & R. Accordingly, the Court will overrule his objection and adopt the R & R as to Gordon's Eighth Amendment claim.

Gordon objects that Defendants are not entitled to qualified immunity. The R & R found that because Gordon could not establish that his constitutional rights were violated, Defendants are entitled to qualified immunity. Because the Court will not be adopting the R & R's recommendation regarding Gordon's First Amendment retaliation claim against Rondeau, qualified immunity will not apply to Rondeau for that claim. Because the Court will be adopting the R & R in all other respects, Defendants are entitled to qualified immunity.

Therefore, in accordance with this Order,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 62) is **APPROVED AND ADOPTED IN PART** and **REJECTED IN PART** and Plaintiff's Objections (ECF No. 63) are **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 49) is **DENIED IN PART** as to the First Amendment retaliation claim against Rondeau and **GRANTED IN PART** as to all other claims.

Dated: April 2, 2018                              /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE